# UNITED STATES DISTRICT COURT
# SOUTHERN DISTRICT OF FLORIDA

Case No. 19-cv-62450-BLOOM/Valle

DEREK SAUNDERS,

    Plaintiff,

v.

AMPLUS AIR CONDITIONING
CONTRACTOR, INC., *et al.*,

    Defendants.

_____/

## ORDER ON MOTION TO DISMISS

**THIS CAUSE** is before the Court on Defendants' Amplus Air Conditioning Contractor, Inc. ("Amplus") and Michael Perez ("Perez") (collectively, "Defendants") Motion to Strike or, Alternatively, Dismiss the Amended Complaint, ECF No. [52] ("Motion"). Plaintiff filed his Response to the Motion, ECF No. [58] ("Response"). The Court has carefully reviewed the Motion, the Response, the record in this case, the applicable law, and is otherwise fully advised. For the reasons that follow, the Motion is granted in part and denied in part.

### I.     BACKGROUND

This matter stems from a lawsuit Plaintiff initiated in the Seventeenth Judicial Circuit in and for Broward County, Florida against Defendants and co-defendants Trane U.S., Inc. ("Trane") and Donald E. Simmons ("Simmons") on June 28, 2019. *See* ECF No. [1]. Trane removed the lawsuit to this Court on October 2, 2019, *id.*, and on October 24, 2019, the Court issued its Scheduling Order, ECF No. [17] ("Scheduling Order"), setting December 22, 2019 as the deadline to amend pleadings or join parties. *Id.*

On November 26, 2019, Defendants were served with the initial complaint, ECF No. [32].

In response, they filed their initial motion to dismiss on February 14, 2020, ECF No. [48], which motion was denied as moot on February 21, 2020, ECF No. [51], in light of Plaintiff having filed the operative Amended Complaint, ECF No. [49] ("Complaint"). The Court dismissed with prejudice Co-Defendants Trane and Simmons on December 16, 2019, ECF No. [39], pursuant to Plaintiff and Co-Defendants' stipulation for voluntary dismissal with prejudice, ECF No. [38].

According to the Complaint, ECF No. [49], Plaintiff is a "covered employee" and "non-exempt employee" under the Fair Labor Standards Act, 29 U.S.C. § 201, *et seq.* ("FLSA"), who had performed work for Defendants from February 2018 to October 2018. *Id.* at ¶¶ 3, 8.[1] He alleges that he was issued a W-2 form, that he worked in excess of forty hours per week during his employment and performed an average of forty or more hours of overtime each week, but that Defendants failed to compensate him "at the required minimum wage and/or overtime rate of one and a half times Plaintiff's regular rate for all hours worked in excess of forty (40) within a single work week, as proscribed by the laws of the United States and the State of Florida." *Id.* at ¶¶ 9-12. He further alleges without elaboration that Defendants failed to pay him a 2% commission on total sales, unilaterally changed by Perez, and that Defendants did not pay him one week of regular earnings. *Id.* at ¶¶ 13-14. The Complaint adds that Amplus engaged in interstate commerce by

---

[1] The Complaint does not specify what role or job title Plaintiff had while working for Defendants. However, the Statement of Claim, ECF No. [19], states that Plaintiff worked for Defendants as a "non-exempt Driver from on or about February 2018 through on or about October, 2018." *Id.* at ¶ 4. In their response to the Statement of Claim, ECF No. [44], Defendants state that Plaintiff was actually an "outside or field sales representative" that worked for Amplus from March 2018 until October 2018, but they do not attach evidentiary support even though the response purports to cite to certain exhibits. *See id.* at 2-3. Specifically, they allege that Plaintiff was an "In Home Comfort Specialist Salesman" or "HVAC Sales Professional." *Id.* at 3. Defendants also represent in their Response, ECF No. [52], that they provided Plaintiff with his job application for the "Comfort Advisor" position and the job posting for that role, which according to Defendants "clearly shows the position is as an outside commissioned salesperson." *Id.* at 14.

2

providing services across state lines, receiving funds from non-Florida sources, using interstate telephonic transmissions, transmitting funds outside Florida, *id.* at ¶ 21, that upon information and belief its gross revenue was in excess of $500,000 per year, *id.* at ¶ 22, and that at all times was an enterprise engaged in commerce and that Plaintiff's work for Amplus affected interstate commerce. *Id.* at ¶ 23. Plaintiff asserts that Perez is jointly and severally liable along with Amplus under the FLSA. *Id.* at ¶¶ 28-32.

The Complaint alleges four counts against Defendants. Count I and II are FLSA claims for wage and hour violations against Amplus and Perez, respectively. Count III purports to assert a breach of contract claim under Florida law against both Defendants while Count IV alleges a claim for unjust enrichment/quantum meruit against both Defendants. Defendants now move to strike the Complaint, or alternatively, to dismiss it on several bases: (1) the Complaint was filed without leave of Court and after the Scheduling Order's amendment deadline had expired; (2) the Complaint fails to state claims upon which relief can be granted; and (3) Plaintiff's concealment of material facts—such as his title or position, work performed, and job responsibilities—is improper especially as such facts are dispositive and render amendment futile under the FLSA. *See* ECF No. [52]. According to Defendants, Plaintiff was a commissioned outside salesman, and the FLSA specifically exempts these employees from FLSA protections. *See id.* at 5-6.

Plaintiff responds that the alleged causes of action set forth in the Complaint are sufficiently pled, Plaintiff's state law claims are independent from the FLSA claims, motions to strike pleadings are disfavored, and Defendants' arguments regarding the impropriety of Plaintiff filing the instant Complaint without leave are immaterial because the Court accepted the Complaint when it denied the previous motion to dismiss as moot. ECF No. [58]. The Motion,

3

accordingly, is ripe for consideration.

## II. LEGAL STANDARD

### A. Motion to strike

Rule 12(f) of the Federal Rules of Civil Procedure permits a court to "strike from a pleading an insufficient defense or any redundant, immaterial, impertinent, or scandalous matter," granting courts broad discretion in making this determination. Fed. R. Civ. P. 12(f); *see also Morrison v. Exec. Aircraft Refinishing, Inc.*, 434 F. Supp. 2d 1314, 1318-19 (S.D. Fla. 2005); *Williams v. Eckerd Family Youth Alt.*, 908 F. Supp. 908, 910 (M.D. Fla. 1995). Under Rule 12(f), "[a] motion to strike will usually be denied unless the allegations have no possible relation to the controversy and may cause prejudice to one of the parties." *Harty v. SRA/Palm Trails Plaza, LLC*, 755 F. Supp. 2d 1215, 1218 (S.D. Fla. 2010) (internal quotation and citation omitted); *see also BB In Tech. Co. v. JAF, LLC*, 242 F.R.D. 632, 641 (S.D. Fla. 2007) (same); *Home Mgmt. Solutions, Inc. v. Prescient, Inc.*, 2007 WL 2412834, at *1 (S.D. Fla. Aug. 21, 2007) (same); *Action Nissan, Inc. v. Hyundai Motor Am.*, 617 F. Supp. 2d 1177, 1187 (M.D. Fla. 2008) (same). Courts have broad discretion in considering a motion to strike under Federal Rule of Civil Procedure 12(f). *See, e.g., Sakolsky v. Rubin Mem'l Chapel, LLC*, 2007 WL 3197530, at *2 (S.D. Fla. Oct. 26, 2007). Irrespective of the Court's broad discretion, this ability to strike is considered to be drastic, and is often disfavored. *Thompson v. Kindred Nursing Ctrs. E., LLC*, 211 F. Supp. 2d 1345, 1348 (M.D. Fla. 2002) (quoting *Augustus v. Bd. of Pub. Instruction of Escambia Cty., Fla.*, 306 F.2d 862, 868 (5th Cir. 1962)); *Fabing v. Lakeland Reg'l Med. Ctr., Inc.*, 2013 WL 593842, at *2 n.2 (M.D. Fla. February 15, 2013) (calling Rule 12(f) a "draconian sanction").

### B. Motion to dismiss

Rule 8 of the Federal Rules of Civil Procedure requires that a pleading contain "a short and plain statement of the claim showing that the pleader is entitled to relief." Fed. R. Civ. P. 8(a)(2). Although a complaint "does not need detailed factual allegations," it must provide "more than labels and conclusions, and a formulaic recitation of the elements of a cause of action will not do." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007); *see Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (explaining that Rule 8(a)(2)'s pleading standard "demands more than an unadorned, the-defendant-unlawfully-harmed-me accusation"). In the same vein, a complaint may not rest on "'naked assertion[s]' devoid of 'further factual enhancement.'" *Iqbal*, 556 U.S. at 678 (quoting *Twombly*, 550 U.S. at 557 (alteration in original)). "Factual allegations must be enough to raise a right to relief above the speculative level." *Twombly*, 550 U.S. at 555. These elements are required to survive a motion brought under Rule 12(b)(6), which requests dismissal for failure to state a claim upon which relief can be granted.

When reviewing a motion under Rule 12(b)(6), a court, as a general rule, must accept the plaintiff's allegations as true and evaluate all plausible inferences derived from those facts in favor of the plaintiff. *Miccosukee Tribe of Indians of Fla. v. S. Everglades Restoration Alliance*, 304 F.3d 1076, 1084 (11th Cir. 2002); *AXA Equitable Life Ins. Co. v. Infinity Fin. Grp., LLC*, 608 F. Supp. 2d 1349, 1353 (S.D. Fla. 2009). This tenet, however, does not apply to legal conclusions, and courts "are not bound to accept as true a legal conclusion couched as a factual allegation." *Twombly*, 550 U.S. at 555; *see Iqbal*, 556 U.S. at 678; *Thaeter v. Palm Beach Cty. Sheriff's Office*, 449 F.3d 1342, 1352 (11th Cir. 2006). Moreover, "courts may infer from the factual allegations in the complaint 'obvious alternative explanations,' which suggest lawful

conduct rather than the unlawful conduct the plaintiff would ask the court to infer." *Am. Dental Ass'n v. Cigna Corp.*, 605 F.3d 1283, 1290 (11th Cir. 2010) (quoting *Iqbal*, 556 U.S. at 682).

## III. DISCUSSION

Determining whether Defendants are entitled to the relief they request raises three overarching issues. The first is whether the Complaint should be stricken or dismissed because it was filed after the Scheduling Order deadline had expired and without Plaintiff having first sought leave of Court. The second is whether the Complaint properly alleges FLSA claims in Counts I and II. The third issue is whether the Complaint properly alleges Florida state law claims in Counts III and IV. The Court will address these issues in turn.

### A. The Complaint will not be stricken

Defendants stress that the Court should strike the Complaint because it was filed after the December 22, 2019 deadline to amend pleadings had expired, Plaintiff did not seek leave of Court before filing the pleading, and the Complaint added two additional claims to the original complaint. ECF No. [52]. Upon consideration, the Court declines Defendants' invitation.

Defendants entered the case after the Scheduling Order deadline had expired, ECF No. [40], and they filed their initial motion to dismiss on February 14, 2020. *See* ECF No. [43]. As noted in the Court's Order denying the motion to dismiss as moot, ECF No. [51], Plaintiff filed the instant Complaint "in response" to Defendants' then-pending motion, and it rendered the initial complaint moot. *Id.* Defendants are correct that Plaintiff did not seek leave before filing the Complaint nor did he explicitly show good cause for his belated amendment. However, these arguments are of no moment. The Court exercised its broad discretion and accepted Plaintiff's filing and ordered Defendants to respond to the Complaint. *Id.* The Court finds no reason to disturb

6

its prior ruling or to strike the Complaint now based upon Plaintiff's past actions.

First, in the Order, the Court "caution[ed] Plaintiff that the failure to comply with governing procedural rules will not be well-regarded by the Court, and if appropriate, may be deemed sufficient cause to dismiss the action." *Id.* at 2. That language does not mean, as Defendants argue, that the Complaint should now be stricken due to Plaintiff's procedural violations related to the initial complaint. If that interpretation were correct, the Court's subsequent ruling that permitted the filing and ordered Defendants to respond would be meaningless. Second, the Court agrees with Plaintiff that the Order implicitly found good cause to amend under Rules 15 and 16. Defendants were not formal parties to the suit when the Scheduling Order deadline was in effect. Therefore, although Defendants maintained that the original complaint was meritless, due to the posture and timing of the case, Plaintiff could not have amended that pleading to address Defendants' issues within the Scheduling Order's cut-off date. Finally, the Court appropriately accepted the Complaint as Plaintiff had not amended the pleading until that point and the issues Defendants raised in their motion had not been raised before. Accordingly, the Court chooses not to strike the Complaint.

### B.  The FLSA claims are not adequately stated

Defendants assert that the Complaint is critically deficient in certain key respects. Specifically, Plaintiff does not allege his job title or duties or the work that he performed for Defendants. Plaintiff does not allege facts to support the conclusion that he was a non-exempt employee. He fails to allege facts to support the conclusion that interstate commerce is established under either enterprise coverage or individual coverage. Finally, that amendment is futile because Plaintiff knows, but chooses not to allege, that he is an outside commissioned salesman, which job

7

is expressly exempted from FLSA protections. ECF No. [52]. Plaintiff, in response, argues that the requirements to plead a FLSA claim are "straightforward" and that Defendants' seek a heightened pleading standard that is beyond what is required to state an actionable claim. Upon review and consideration, the Court agrees with Defendants that the FLSA claims are insufficiently pled.

The FLSA requires an employer to pay its employee "an overtime wage of one and one–half times his regular rate for all hours he works in excess of forty hours per week." *See Josendis v. Wall to Wall Residence Repairs, Inc.*, 662 F.3d 1292, 1298 (11th Cir.2011); *see also* 29 U.S.C. § 207(a). "If a covered employee is not paid the statutory wage, the FLSA creates for that employee a private cause of action against his employer for the recovery of unpaid overtime wages and back pay." *Josendis*, 662 F.3d at 1298; *see also* 29 U.S.C. § 216(b). "In order to be eligible for FLSA overtime, however, an employee must first demonstrate that he is 'covered' by the FLSA." *Josendis*, 662 F.3d at 1298. This requires a showing that the jurisdictional prerequisite of "interstate commerce" exists in a given case, a showing that may be made one of two ways. *Id.* First, an employee may claim "individual coverage" if he regularly and directly participates in the actual movement of things or persons in interstate commerce. *Id.* Second, an employee may assert "enterprise coverage" if his employer: (1) has employees engaged in interstate commerce or in the production of goods for interstate commerce, or employees who handle, sell, or otherwise work on goods or materials that have been moved in, or produced for, interstate commerce by any person; and (2) has gross volume sales or business of at least $500,000 annually. *Id.*; *see also Thorne v. All Restoration Servs., Inc.*, 448 F.3d 1264, 1265-66 (11th Cir. 2006) ("Under FLSA, an employer is required to pay overtime compensation if the employee can

establish enterprise coverage or individual coverage."); *Polycarpe v. E&S Landscaping Serv., Inc.*, 616 F.3d 1217, 1220 (11th Cir. 2010) (noting that "either individual coverage or enterprise coverage can trigger the Act's applicability"). "The question of enterprise coverage implicates both the Court's jurisdiction and the merits of the case." *Vignoli v. Clifton Apartments, Inc.*, 930 F. Supp. 2d 1342, 1345 (S.D. Fla. 2013) (citing *Gonzalez v. Old Lisbon Restaurant & Bar, LLC*, 820 F. Supp. 2d 1365, 1367 (S.D. Fla. 2011)). When a party questions the viability of a plaintiff's claim of enterprise coverage, the "the Court should find it has jurisdiction and deal with the question as an attack on the merits of the case." *Id.* (citation omitted).

In the Complaint, Plaintiff attempts to assert both individual and enterprise coverage. He alleges that his employers "operated as an organization which sells and/or markets its services and/or goods to customers from throughout the United States and also provides its services for goods sold and transported from across state lines of other states, and [Amplus] obtains and solicits funds from non-Florida sources, accepts funds from non-Florida sources, uses telephonic transmission going over state lines to do its business, transmits funds outside the State of Florida, and otherwise regularly engages in interstate commerce, particularly with respect to its employees." ECF No. [49] at ¶ 21. He adds that upon information and belief, Amplus' annual gross revenue exceeded $500,000 per year during the relevant times, and that Amplus was "an enterprise engaged in commerce or in the production of goods for commerce as defined in §§ 3(r) and 3(s) of the FLSA, 29 U.S.C. § 203(r) and 203(s)," and further, that Plaintiff's work for Amplus "likewise affects interstate commerce." *Id.* at ¶¶ 22-23. He similarly alleges that he worked in excess of the maximum hours provided by FLSA, but no provision was made to properly pay him at the rate of time and one half for all hours worked in excess of forty hours per week, *id.* at ¶ 25,

and that Perez, as a corporate officer with operational control over Amplus' covered enterprise, is an employer along with Amplus and is jointly and severally liable under FLSA for unpaid wages and overtime. *Id.* at ¶ 31. However, these allegations as a whole do not sufficiently plead FLSA coverage.

First, Plaintiff does not plead any facts to allow the Court to conclude that he was a non-exempt employee. He does not allege his job title, job responsibilities, or simply the general nature of his work and that of Defendants. Even if the Court were to accept his bare statement in the Statement of Claim that he was a "driver," ECF No. [19] at ¶ 4, which is notably not pled in the Complaint, that too is insufficient to set forth an actionable FLSA claim. *See, e.g.*, *Ceant v. Aventura Limousine & Transp. Serv., Inc.*, 874 F. Supp. 2d 1373, 1377 (S.D. Fla. 2012) (granting motion to dismiss where the complaint provided "no factual allegations about the nature of [plaintiff's] work or the nature of [defendant's] business. Although [plaintiff] alleges he worked as a driver [] nowhere in the Complaint does he say the nature of his work as a driver and whether it involved a connection to interstate commerce. Nor does the Complaint allege what kind of transportation services [defendant] provides to customers or whether such services are tied to interstate commerce. As a result, dismissal without prejudice is required. . . . In amending, [plaintiff] shall set forth the nature of [defendant's] business and precisely what he did in the course of his employment, taking care to explain how [defendant's] business, and his work for the company, connects to interstate commerce"); *Villafana v. Our Children's Planet Corp.*, No. CV 15-23432-CIV, 2016 WL 3470013, at *1, 3 (S.D. Fla. Mar. 24, 2016) (granting motion to dismiss where the complaint contained allegations substantially similar to those pled here); *Perez v. Muab, Inc.*, No. 10-cv-62441, 2011 WL 845818, at *3 (S.D. Fla. Mar. 7, 2011) (granting motion to

dismiss where plaintiff alleged that she worked as a store manager, but the complaint "does not describe anything else about her duties, nor does it describe the business of Defendants" and "Plaintiff alleges only that 'during her employment with [defendant], she was engaged in commerce or in the production of goods for commerce.' This is a mere recitation of the statutory language") (citation omitted); *Kendrick v. Eagle Int'l Grp., LLC*, No. 08-80909-CIV, 2009 WL 3855227, at *3 (S.D. Fla. Nov. 17, 2009) (concluding that allegation that "Plaintiff's job duties were such that she was individually engaged in interstate commerce" was factually insufficient to withstand a motion to dismiss); *Posso v. Rent-A-Car of Ft. Lauderdale, Inc.*, No. 13-61016-CIV, 2013 WL 12157799, at *2 (S.D. Fla. Nov. 1, 2013) (granting motion to dismiss where the allegations "merely track the FLSA's statutory language," there were no factual allegations regarding the nature of defendant's business, and the complaint did not allege facts to establish individual or enterprise coverage). *See also Dixon v. First Fin. Asset Mgmt., Inc.*, No. 12-cv-80953, 2013 WL 12131607, at *2 (S.D. Fla. Aug. 22, 2013) (denying motion to dismiss because "[w]hile the Court previously held [plaintiff's] original complaint was insufficient for failure to provide details of his job title and responsibilities, here [plaintiff] describes in detail various duties he performed at [defendant employer] while noting that he did not receive a job title. He cannot provide a job title he did not have").

Second, the Complaint fails to set forth sufficient facts to establish the "interstate commerce" component of an FLSA claim under either theory of coverage. As to individual coverage, the Complaint is factually lacking in allegations of how Plaintiff himself directly and regularly affected interstate commerce. *See Villafana*, 2016 WL 3470013, at *2 (no individual coverage alleged where the complaint did not allege facts to support that plaintiff "regularly used

the instrumentalities of interstate commerce in order to perform her work"). The allegations under an enterprise coverage theory fare no better. *See Polycarpe*, 616 F.3d at 1217 ("[I]f an employer had two or more workers engaged in commerce or the production of goods for commerce, FLSA overage extended to all of the enterprise's employees."). Here, the Complaint neither alleges generally the number of workers employed by Defendants nor sets forth facts for the Court to reasonably infer that two or more employees were engaged in interstate commerce. *See Villafana*, 2016 WL 3470013, at *3 (no enterprise coverage where the complaint did not factually allege the nature of defendant's business nor how many employees besides plaintiff handled allegedly interstate materials, and the court rejected plaintiff's argument that she "implied" that at least two employees were involved in interstate commerce).

Finally, the Complaint's allegations regarding the instrumentalities of interstate commerce are too skim to support FLSA coverage. Plaintiff alleges that Amplus uses telephonic transmission going over state lines to do business and, without details, alleges that the company obtains and transmits funds from non-Florida sources. ECF No. [49] at ¶ 21. But "the mere use of a telephone or the Internet does not evidence regular use of the instrumentalities of interstate commerce." *Attai v. Delivery Dudes, LLC*, No. 15-CV-62522, 2016 WL 828816, at *3 (S.D. Fla. Mar. 3, 2016). "Merely because an instrumentality *may* be used in interstate commerce, does not mean the instrumentality *is* used in interstate commerce (for instance, a telephone may be used to call locally, or to call across state lines). The Commerce Clause is not so unbridled as to apply to all transactions that potentially implicate interstate commerce but, in reality, do not." *Id.* (emphasis in original). Although "super detailed factual allegations as to every facet of FLSA coverage" are not required to properly allege individual or enterprise coverage, at bare minimum the Complaint must

set forth "straightforward allegations connecting" his work and the nature of Defendants' work to interstate commerce. *See Ceant*, 874 F. supp. 2d at 1377-78 (citing *U.S. Sec'y of Labor v. Labbe*, 319 F. App'x 761, 763 (11th Cir. 2008)).

Accordingly, Counts I and II fail to plead actionable FLSA claims and therefore are due to be dismissed without prejudice.[2] In light of the posture of this case and the Scheduling Order's December 22, 2019 deadline to amend pleadings having expired over three months ago, the Court grants Plaintiff one final opportunity to amend.

### C. The Court lacks jurisdiction over the state law claims

Because the Court is dismissing the FLSA claims, the Court need not address whether the Florida state law claims in Counts III and IV are preempted by FLSA and are duplicative or whether the Complaint states a claim for breach of contract or unjust enrichment. The lawsuit was removed to the Court on federal question jurisdiction, ECF No. [1]. Given that the two federal claims are dismissed, the Court cannot independently exercise diversity jurisdiction over the remaining claims. Under these circumstances, the Court declines to exercise supplemental jurisdiction and will dismiss Counts III and IV without prejudice. *See* 28 U.S.C. § 1367(c)(3) (providing that a district court may decline to exercise supplemental jurisdiction over a claim if the court has dismissed all claims over which it had original jurisdiction). *See also Villafana*, 2016

---

[2] Defendants stress that Plaintiff's employment position is exempted by FLSA and that his request for commissions is inconsistent with his claims for unpaid wages and overtime under FLSA. They further argue that they have provided Plaintiff with evidence substantiating their claim that Plaintiff was an exempt outside commissioned salesperson, but they opine that Plaintiff continues to intentionally conceal these material facts because they are dispositive and render amendment futile. In light of the seriousness of these charges, the Court reminds both parties that any amendment must comply with the Federal Rules of Civil Procedure and that all parties' allegations and representations to the Court are governed by Rule 11.

13

WL 3470013, at *3 (dismissing state law claims without prejudice pursuant to *See* 28 U.S.C. § 1367(c)(3) because the Court had dismissed without prejudice the pending FLSA claims).

## IV. CONCLUSION

Accordingly, it is **ORDERED AND ADJUDGED** that Defendants' Motion to Strike or, Alternatively, Dismiss the Amended Complaint, **ECF No. [52]**, is **GRANTED IN PART AND DENIED IN PART**. Plaintiff shall file a Second Amended Complaint consistent with this Order by April 7, 2020.

**DONE AND ORDERED** in Chambers at Miami, Florida on March 24, 2020.

_____
**BETH BLOOM**
**UNITED STATES DISTRICT JUDGE**

Copies to:

Counsel of Record