**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF FLORIDA**

**Case No. 19-cv-62450-BLOOM/Valle**

DEREK SAUNDERS,

 Plaintiff,

v.

AMPLUS AIR CONDITIONING
CONTRACTOR, INC., *et al.*,

 Defendants.

_____/

**ORDER ON FLSA SETTLEMENT**
**AND DISMISSING CASE WITH PREJUDICE**

**THIS CAUSE** is before the Court on the parties' Joint Motion to Approve FLSA Settlement and for Dismissal with Prejudice, ECF No. [81] ("Motion"), filed on June 30, 2020. The parties have also filed a Consent to Proceed before a United States Magistrate Judge, ECF No. [80], in which the parties consent to have Magistrate Judge Valle "conduct any and all further proceedings in this case (including the trial) and order the entry of judgment. *Id.* The Court has reviewed the Motion, the record in this case, the applicable law, and is otherwise fully advised.

Generally, this Court has the responsibility of approving settlement agreements for cases arising under the Fair Labor Standards Act, 29 U.S.C. § 201, et seq., if the parties choose not to present their settlement to the Secretary of Labor. *See Lynn's Food Stores v. U.S. Dep't of Labor*, 679 F.2d 1350, 1353 (11th Cir. 1982). The Motion represents that "Plaintiff recovered the full amount of damages he was owed plus an equal amount in liquidated damages. Plaintiff represents and acknowledges that he is receiving full payment for his claim, including any and all alleged unpaid wages and liquidated damages that he claims to be owed by Defendants, plus a separate

amount for attorneys' fees and costs. As a result, the settlement is fair and reasonable and approval of the settlement is warranted pursuant to *Lynn's Food Stores, Inc. v. United States*, 679 F.2d 1350 (11th Cir. 1982). *See Mackenzie v. Kindred Hosps. East, LLC*, 276 F. Supp.2d 1211, 1217 (M.D. Fla. 2003) (explaining that "Lynn's Food Stores addresses judicial oversight of 'compromises' of FLSA claims [citation omitted])." ECF No. [81] at 1 n.1.

Based on the Motion, which reflects that resolution of this matter does not involve a compromise but instead involves Defendants' full satisfaction of Plaintiff's claim, including a separate and equal amount of liquidated damages, the Court need not review this matter. *See Lynn's Food Stores*, 679 F.2d at 1354 ("If a settlement in an employee FLSA suit does reflect a reasonable compromise over issues, such as FLSA coverage or computation of back wages, that are actually in dispute; we allow the district court to approve the settlement in order to promote the policy of encouraging settlement of litigation." (emphasis added)). As noted in *Mackenzie*, 276 F. Supp. 2d 1211 (M.D. Fla. 2003),

> *Lynn's Food Stores* addresses judicial oversight of "compromise" of FLSA claims []. Since the plaintiff has been offered full compensation on his claim, this case does not involve a compromise. There is no need for judicial scrutiny where, as here, the defendant represents that it has offered the plaintiff more than full relief, and the plaintiff has not disputed that representation.

*Id.* at 1217. Accordingly, the parties' dismissal with prejudice is self-executing and the Court need not take further action.

Accordingly, it is **ORDERED AND ADJUDGED** that this matter is **DISMISSED WITH PREJUDICE**. The Clerk of Court is directed to **CLOSE** this case.

Case No. 19-cv-62450-BLOOM/Valle

**DONE AND ORDERED** in Chambers at Miami, Florida, on June 30, 2020.

_____
**BETH BLOOM**
**UNITED STATES DISTRICT JUDGE**

Copies to:

Counsel of Record